# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9833 | **DATE** | 1/7/2013 |
| **CASE TITLE** | Indian Harbor Ins. Co. v. 12 Oaks & Woodfield, et. al | | |

**DOCKET ENTRY TEXT:**

Motion hearing set for 1/8/2013 is stricken. Motion for extension of time [7] is moot. The Court *sua sponte* dismisses the complaint for want of jurisdiction. If plaintiff believes that it can properly allege diversity jurisdiction, then it may file an amended complaint here within 28 days. Otherwise, plaintiff may file its claims in state court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). Plaintiff, who includes no federal claims in its complaint, asserts that this Court has diversity jurisdiction over this case, which involves more than twenty parties.

This Court has jurisdiction over civil actions where the amount in controversy is greater than $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In this case, plaintiff has not included enough allegations from which the Court can determine whether it has diversity jurisdiction over this case.

First, plaintiff has not sufficiently alleged the citizenship of defendants Marquette Management, Inc. and McKinley, Inc. Each is alleged to be a corporation, which means each is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. 1332(c)(1). Plaintiff alleges that Marquette Management, Inc. is an Illinois corporation, but it does not allege Marquette Management, Inc.'s principal place of business. Similarly, plaintiff alleges that McKinley, Inc. is a Michigan corporation, but it does not allege the location of McKinley, Inc.'s principal place of business.

The second problem is the missing allegations with respect to two dissolved Illinois corporations, defendants 12 Oaks & Woodfield Gardens and Sparks & Associates, Inc. "[I]f the law under which a dissolved corporation was incorporated permits the corporation, after dissolution, to sue and be sued in its own name, the dissolved corporation's citizenship is determined by the state where the corporation was incorporated and the state where the corporation maintained its principal place of business." *Colon v.*

**STATEMENT**

*Smithkline Beecham Corp.*, Case No. 09-1073, 2010 WL 465523 at *3 (S.D. Ill. Jan. 5, 2010). Under Illinois law, a dissolved corporation can sue or be sued in its own name. 805 ILCS 5/12.30(c)(4) ("Dissolution of a corporation does not: . . . (4) Prevent suit by or against the corporation in its corporate name."). Accordingly, plaintiff must also allege where these two dissolved Illinois corporations had their principal places of business.

Plaintiff has failed to allege adequately that this Court has diversity jurisdiction over this case. Accordingly, this case is dismissed for want of jurisdiction. The Court will grant plaintiff 28 days to file an amended complaint if it thinks it can adequately allege diversity jurisdiction. Alternatively, plaintiff may file its claims in state court.